ANDREW A. RUBIN
ATTORNEY AT LAW
1133 WESTCHESTER AVENUE
SUITE N-202
WHITE PLAINS, NEW YORK 10604

OF COUNSEL: GAINES, NOVICK,
PONZINI, COSSU & VENDITTI

TELEPHONE: (914) 761-9200
FACSIMILE: (914) 288-0850

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE

October 28, 2020

Honorable Vincent L. Briccetti
United States District Court
300 Quarropas St.
White Plains, New York 10601 (Email and ECF)

Re: US v John Crews   13 Cr 835  (VB)

Dear Judge Briccetti:

*[handwritten note:]* The sentencing will proceed by videoconference ~~set~~ for the reasons set forth herein.
So Ordered: *[signature]* Wbw, USDJ
10/28/20

This case is scheduled for sentence on October 29, 2020.  The defendant is currently serving a sentence at FCI Pollock in Louisiana.  He has specifically requested that the sentence hearing be held by video conference and specifically consented to being sentenced by video conference

The CARES Act allows for video conferencing of sentence proceedings and Chief Judge McMahon issued a standing order permitting sentences ~~to be~~ conducted by video conferencing as a result of the ongoing pandemic.

Requiring Mr. Crews to be present at sentence would cause a hardship to him and risk his health and safety as he would have to be transported from Louisiana to New York where he would be in contact with numerous additional individuals, any one of whom could potentially transmit Covid 19 to him.  Additionally, it would disrupt his rehabilitation at Pollock for the period of time, usually weeks, possibly months, that it would take for him to be returned from New York.  Additionally, he would have to be in quarantine for, at least14 days upon his return to Pollock , and I believe for his stay in a detention facility in New York.  Further, the transportation would present a potential risk of infection to the Marshalls who would be tasked with escorting him and correction officers who house him from Louisiana to New York at every stop along the way.

Further, requiring Mr. Crews to be present at the sentence hearing would cause an unreasonable delay in the proceeding as the incidence of infection is spiking around the country and there is no foreseeable date at this point where  we can reasonably predict that the current  conditions will change.

The government has no objection to proceeding in this fashion.

Thank you for your consideration.


Respectfully:

Andrew A. Rubin


Cc AUSA Lauren Schorr Potter (Email and ECF)